IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

NO. 2:06-CR-5-FL-1
NO. 2:16-CV-51-FL

| | | |
|---|---|---|
| LIONEL HAYWOOD JORDAN, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner's motions to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (DE 50, 51, 56), which challenges petitioner's conviction for possessing a firearm in furtherance of a crime of violence in light of the United States Supreme Court's rulings in Johnson v. United States, 135 S. Ct. 2551 (2015) and United States v. Davis, 139 S. Ct. 2319 (2019). For the reasons that follow, petitioner's motions are denied.

## BACKGROUND

On December 11, 2006, petitioner pleaded guilty, pursuant to a written plea agreement, to armed bank robbery and aiding and abetting same, in violation of 18 U.S.C. § 2113(a), (d), and 2 (count one), and using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (count two). On March 26, 2007, the court sentenced petitioner to 87 months' imprisonment on count one and a consecutive term of 84 months' imprisonment on count two, producing an aggregate custodial sentence of 171 months.

On June 30, 2016, petitioner filed the instant motion to vacate, set aside, or correct sentence, asserting that his § 924(c) conviction should be vacated in light of Johnson. Petitioner

filed supplemental motions on July 1 and 20, 2016. On September 28, 2016, respondent moved to stay the § 2255 proceedings pending the United States Court of Appeals for the Fourth Circuit's resolution of United States v. Simms, 914 F.3d 229 (4th Cir. 2019). The court granted the motion to stay that same day. The Fourth Circuit decided Simms on January 24, 2019, but stayed the mandate pending the Supreme Court's decision in United States v. Davis, No. 18-431. The Supreme Court decided Davis on June 24, 2019.

On July 24, 2019, the court lifted the stay and directed the petitioner to file supplemental briefing addressing the effect of Simms and Davis on petitioner's claim. Petitioner did not respond to the court's order.

## DISCUSSION

A.   Standard of Review

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." Id. § 2255(b).

B.   Analysis

Pursuant to 18 U.S.C. § 924(c), a person convicted of using and carrying a firearm "during and in relation to any crime of violence or drug trafficking crime" is subject to a mandatory minimum punishment of five years' imprisonment for the first conviction. 18 U.S.C. § 924(c)(1).

2

The sentence shall run consecutive to any sentence imposed for the predicate crime of violence or drug trafficking crime. Id. § 924(c)(1)(A). Section 924(c)(3) defines crime of violence as an offense that is a felony and:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another [the "force clause"], or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [the "residual clause"].

Id. § 924(c)(3)(A)-(B).

Davis and Simms held that § 924(c)(3)(B) is unconstitutionally vague, thereby rendering invalid § 924(c) convictions based on the residual clause definition of crime of violence. Davis, 139 S. Ct. at 2336; Simms, 914 F.3d at 237. The Davis and Simms decisions, however, do not call into question the constitutionality of § 924(c)(3)(A). Thus, if petitioner's predicate offense qualifies as a crime of violence under subsection (c)(3)(A) (the force clause), his conviction remains valid. See United States v. Mathis, 932 F.3d 242, 263-64 (4th Cir. 2019).

Petitioner's predicate offense is armed bank robbery in violation of 18 U.S.C. § 2113, and the Fourth Circuit has held that this offense qualifies as a crime of violence under § 924(c)'s force clause. See United States v. McNeal, 818 F.3d 141, 153 (4th Cir. 2016) (holding "bank robbery under § 2113(a) constitutes a crime of violence under the force clause of § 924(c)"). Accordingly, to the extent petitioner's predicate offense is substantive armed bank robbery, his claim is without merit.

Petitioner also argues that his § 924(c) conviction must be vacated because he was charged with aiding and abetting armed bank robbery. (See Indictment (DE 1) at 1). As an initial matter,

3

petitioner pleaded guilty to possessing a firearm during and in relation to substantive armed bank robbery, without the aiding and abetting qualifier. (See id. at 2). Petitioner's § 924(c) conviction therefore remains valid even if aiding and abetting Hobbs Act robbery is not a crime of violence. See United States v. Carter, 300 F.3d 415, 425 (4th Cir. 2002) (explaining § 924(c) conviction does not require conviction on the predicate offense); see also United States v. Nelson, 27 F.3d 199, 200-01 (6th Cir. 1994) (collecting authority).

Furthermore, although the Fourth Circuit has not addressed the issue directly in a published opinion, Fourth Circuit case law interpreting the force clause in the Armed Career Criminal Act,[1] and aiding and abetting liability generally, strongly supports the conclusion that aiding and abetting Hobbs Act robbery is a crime of violence under § 924(c)'s force clause. See United States v. Dinkins, 928 F.3d 349, 358-59 (4th Cir. 2019) (suggesting that predicate conviction premised on aiding and abetting liability qualifies as a crime of violence under the similar force clause in the Armed Career Criminal Act if the substantive offense itself is a crime of violence); United States v. Kimble, 855 F.3d 604, 613 (4th Cir. 2017) ("[I]n the federal system, culpability for an offense as an aider and abettor is treated no differently from treatment as a principal."); see also United States v. Thomas, __ F. App'x __, 2020 WL 5888022, at *2 (4th Cir. 2020) (holding that defendant failed to establish plain error based on argument that aiding and abetting Hobbs Act robbery does not qualify as a crime of violence under § 924(c)'s force clause); United States v. Brayboy, 789 F. App'x 384, 385 (4th Cir. 2020) (same). And at least three federal appellate courts have directly held that aiding and abetting substantive Hobbs Act robbery is a crime of violence

---

[1] Because the force clauses in both statutes are nearly identical, the Fourth Circuit treats case law interpreting the Armed Career Criminal Act's force clause as applicable to § 924(c)'s force clause. See In re Irby, 858 F.3d 231, 234-37 (4th Cir. 2017).

under the force clause. See United States v. Richardson, 948 F.3d 733, 742 (6th Cir. 2020) (holding "conviction for aiding and abetting Hobbs act robbery satisfies [§ 924(c)(3)(A)'s force clause]"); United States v. García-Ortiz, 904 F.3d 102, 109 (1st Cir. 2018) (same); In re Colon, 826 F.3d 1301, 1305 (11th Cir. 2016) (same).

Accordingly, petitioner's § 924(c) conviction remains valid, notwithstanding Davis and Simms.

C. Certificate of Appealability

Having determined that petitioner is not entitled to relief, the court turns to whether a certificate of appealability should issue. A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

## CONCLUSION

Based on the foregoing, petitioner's motions to vacate (DE 50, 51, 56) are DENIED, a certificate of appealability is DENIED, and the clerk is DIRECTED to close the instant § 2255 proceedings.

SO ORDERED, this the 2nd day of November, 2020.

                                          LOUISE W. FLANAGAN
                                          United States District Judge